IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT R. GILLIBRAND,

        Plaintiff,

   v.

DEPUTY EASON, et al.,

        Defendants.

Case No. 6:22-cv-00496-MO

ORDER TO DISMISS

MOSMAN, District Judge.

    Plaintiff, incarcerated at the Linn County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is summarily dismissed. *See* 28 U.S.C. § 1915(e)(2).

## **BACKGROUND**

    Plaintiff has filed a somewhat rambling Complaint which is not entirely legible in which he alleges that various public and private individuals subjected him to cruel and unusual

1 - ORDER TO DISMISS

punishment associated with what appears to be a medical transport from the Linn County Jail to the Albany General Hospital in January 2022. Among his claims, Plaintiff appears to allege that the transport van was too cold, the hospital was too cold, the officers used excessive force getting him to the hospital and while he was at the hospital, the medical personnel at a hospital in Linn County "forced" an intravenous needle into his arm, and hospital employees "raped" him when they catheterized him. He also claims to have suffered various civil rights violations while incarcerated at the Linn County Jail. He seeks approximately $7,000,000 in damages as well as injunctive relief.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that Defendants violated his constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

2 - ORDER TO DISMISS

(2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

As an initial matter, "Pleadings and other documents must be typewritten, neatly printed, or otherwise legibly reproduced, using blue or black ink." LR 10-1(a). In reviewing plaintiff's Complaint, the Court finds certain portions of the handwritten pleading to not be sufficiently legible in violation of Local Rule 10-1(a).

In addition, Plaintiff's Complaint does not contain a short, plain statement of his claims. Pursuant to Fed. R. Civ.

3 - ORDER TO DISMISS

P. 8(a), a complaint shall include "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored). The requirement that a pleading be "simple, concise, and direct," applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6). *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Where Plaintiff has not clearly and concisely set out his claims, it is difficult to ascertain the precise nature of the claims he is attempting to bring and to attribute particular conduct to each named Defendant.[1]

---

[1] It is also difficult to discern which named Defendant is employed by which particular agency. The Court will attempt to assist *pro se* plaintiffs with service but, to do so, it must be clear which particular Defendant is employed by which municipality/agency.

It is also well established that a plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused; (3) by conduct of a person; (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation).

In this case, Plaintiff appears to bring suit against private entities and private individuals (such as the Albany General Hospital and its staff) who are not state actors. He also might wish to bring suit against the Linn County Sheriff on a respondeat superior theory of liability, as it is not clear from his Complaint how she personally participated in any of the deprivations he alleges. To the extent Plaintiff is attempting to bring this suit against the Sheriff under a respondeat superior theory of liability, he may not do so. *Monell v. New*

*York City Dep't. of Social Services*, 436 U.S. 658, 691-94 (1978); *Taylor*, 880 F.2d at 1045.

Moreover, various portions of Plaintiff's Complaint fail to describe how each named Defendant was individually responsible for the actions he describes. For example, Plaintiff alleges that unidentified "and deputies would open tray slot and drop sack lunch on floor for approximately 3 days" and that "heat was turned down due to Covid and middle of winter months w/only 1 blanket." Complaint (#2), p. 6. This fails to identify how a particular named Defendant violated a federally-protected right. For all of these reasons, Plaintiff's Complaint is dismissed for failure to state a claim.

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Should Plaintiff wish to continue with this case, he must file an amended complaint within 30 days that: (1) cures the deficiencies with his prior Complaint; (2) names all Defendants in the caption; (3) clearly, legibly, and concisely describes how each named Defendant acted under color of state law and personally deprived him of a federal right; (4) does not incorporate any prior document by reference; and (5) is on the

6 - ORDER TO DISMISS

form provided by the Court. Plaintiff's failure to do so will result in the dismissal of this case with prejudice.

The Clerk of Court is directed to send Plaintiff a civil rights form for his use.

IT IS SO ORDERED.

| | |
|---|---|
| _5/9/2022_ | _Michael W. Mosman_ |
| DATE | Michael W. Mosman |
| | United States District Judge |